**SANDERS LAW GROUP**
Craig B. Sanders, Esq. (Cal Bar 284397)
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 122035

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

Geoff Johnson,

Plaintiff,

v.

Steri-Clean, Inc., and
Crime Scene Steri-Clean, LLC,

Defendants.

Case No:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff Geoff Johnson ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against Defendant Steri-Clean, Inc. and Defendant Crime Scene Steri-Clean, LLC (collectively "*Defendants*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein creates photographic images and owns the rights to these images which Plaintiff licenses for various uses including online and print

publications.

3. Defendant Steri-Clean, Inc. owns and operates a social media account with name of “HOARDERS.com” on Facebook (“*FB Account 1*”).

4. Defendant Steri-Clean, Inc. owns and operates a social media account with the name of “Steri-Clean, Inc.” on Facebook (“*FB Account 2*”).

5. Defendant Steri-Clean, Inc. owns and operates a social media account with name of “stericlean” on Instagram (“*IG Account 1*”).

6. Defendant Steri-Clean, Inc. owns and operates a social media account with name of “hoarders.com_” on Instagram (“*IG Account 2*”).

7. Defendant Crime Scene Steri-Clean, LLC owns and operates a social media account with the name of “stericlean_cali” on Instagram (“*IG Account 3*”).

8. Defendants, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's Photographs on FB Account 1, FB Account 2, IG Account 1, IG Account 2, and IG Account 3 (hereinafter collectively “*Accounts*”) and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

9. Plaintiff Geoff Johnson is an individual who is a citizen of the State of Nebraska and maintains a principal place of business at 811 S. 48th Street, Omaha in Douglas County, Nebraska.

10. Upon information and belief, Defendant Steri-Clean, Inc., is an Idaho corporation and who maintains a principal place of business at 3940 Woodside Boulevard, Hailey in Blaine County, Idaho and is liable and responsible to Plaintiff based on the facts herein alleged.

11. Upon information and belief, Defendant Crime Scene Steri-Clean, LLC, is a California limited liability company and who maintains a principal place of business at 9785 Crescent Center Drive, Suite 302, Rancho Cucamonga in San



SLG SANDERS · LAW GROUP ·

SIG SANDERS LAW GROUP

Bernardino County, California.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

13. This Court has personal jurisdiction over Defendant Crime Scene Steri-Clean, LLC because it maintains its principal place of business in California.

14. This Court has specific personal jurisdiction over Defendant Steri-Clean, Inc., based upon Steri-Clean, Inc.'s conduct, as is alleged herein, of having materially contributed to Defendant Crime Scene Steri-Clean, LLC's infringement of Plaintiff's Photographs.

15. The Court has specific personal jurisdiction over Defendant Steri-Clean, Inc. under the applicable long-arm jurisdictional statute of California because while Steri-Clean, Inc. maintains its principal place of business in Idaho, it purposely directs substantial activities at the residents of California by means of FB Account 1, FB Account 2, IG Account 1, and IG Account 2.

16. Venue is proper under 28 U.S.C. §1391(a)(2) because Defendant Crime Scene Steri-Clean, LLC does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

17. Plaintiff is a professional photographer by trade who is the legal and rightful owners of photographs which Plaintiff licenses to online and print publications.

18. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

19. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's

SLG SANDERS LAW GROUP

photographs while many others are the subject of pending copyright applications.

20. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

21. FB Account 1, FB Account 2, IG Account 1, and IG Account 2 are associated with Defendant Steri-Clean, Inc.

22. Defendant Steri-Clean, Inc. has exclusive access to post content on its respective social media accounts.

23. Defendant Steri-Clean, Inc. uses the Accounts to advertise its services and brand whereby Defendant promotes its business and financially benefits.

24. IG Account 3 is associated with Defendant Crime Scene Steri-Clean, LLC.

25. Defendant Crime Scene Steri-Clean, LLC has exclusive access to post content on its Instagram account.

26. Defendant Crime Scene Steri-Clean, LLC uses its social media account to promote its services in furtherance of Defendant Steri-Clean, Inc.'s brand whereby Defendant Crime Scene Steri-Clean, LLC financially benefitis.

27. On April 8, 2015, Plaintiff authored several photographs of the interior of the home, each image inclusive of a small child performing a common activity, that had been inhabited by an individual matching the colloquial description of a "hoarder" (the "*Photographs*"). Copies of each individual Photograph are attached hereto collectively as Exhibit 1 (*Exhibit 1-Photograph #1-4*).

28. Plaintiff applied to the USCO to register the Photographs on or about November 20, 2018 under Application No. 1-7153666812.

29. The Photographs were registered by the USCO on November 20, 2018 under Registration No. VA 2-127-583.

30. On March 15, 2020, Plaintiff observed Photograph 1 on FB Account 1 in a post dated December 19, 2019. A copy of the screengrab of FB Account 1 including Photograph 1 is attached hereto collectively as Exhibit 2.

31. A copy of Photograph 1 was displayed on Defendant Steri-Clean, Inc.'s Facebook Account at www.facebook.com at URL: https://www.facebook.com/124108511016794/photos/a.489881947772780/2679753708785582/?type=3&theater (*Exhibit 2-Infringement #1*).

32. Plaintiff further observed the Photographs displayed on various other social media accounts owned and/or operated by Defendants.

33. On February 9, 2021, Defendant Crime Scene Steri-Clean, LLC posted the Photographs to IG Account 3 which were displayed via URL: https://www.instagram.com/p/CLE5oSXh7HP/?utm_source=ig_web_copy_link (*Exhibit 2-Infringement #2-5*).

34. On February 9, 2021, Defendant Steri-Clean, Inc. posted the Photographs to IG Account 1 which were displayed via URL: https://www.instagram.com/p/CLE5zbPBudm/ (*Exhibit 2-Infringement #6-9*).

35. On February 9, 2021, Defendant Steri-Clean, Inc. posted Photograph 2 to FB Account 2 which was displayed via URL: https://www.facebook.com/Steri-Clean-Inc-122488221141724/photos/a.259806350743243/3891905214199987 (*Exhibit 2-Infringement #10*).

36. On February 9, 2021 Defendant Steri-Clean, Inc. posted the Photographs to IG Account 2 which were displayed via URL: https://www.instagram.com/p/CLE5UFZBYL8/?utm_source=ig_web_copy_link (*Exhibit 2-Infringement #11-14*).

37. Each Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or

stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 (9th Cir. 2007).

38. Each Infringement is an exact copy of the entirety of Plaintiff's original images that were directly copied and stored by Defendants on the Accounts.

39. Upon information and belief, Defendants takes an active and pervasive role in the content posted on their respective Accounts, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photographs.

40. Upon information and belief, the Photographs were willfully and volitionally posted to the Accounts by Defendant.

41. Upon information and belief, Defendants engaged in the Infringements knowingly and in violation of applicable United States Copyright Laws.

42. Upon information and belief, Defendants have the legal right and ability to control and limit the infringing activities on their respective Accounts and exercised and/or had the right and ability to exercise such right.

43. Upon information and belief, Defendant have received a financial benefit directly attributable to the Infringements.

44. Upon information and belief, the Infringements increased traffic to the Accounts and, in turn, caused Defendants to realize an increase in their service revenues.

45. Upon information and belief, a large number of people have viewed the unlawful copies of the Photographs on the Accounts.

46. Upon information and belief, Defendants at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.



SLG SANDERS LAW GROUP

47. Defendant's use of the Photographs, if widespread, would harm Plaintiff's potential market for the Photographs.

48. As a result of Defendants' misconduct, Plaintiff has been substantially harmed.

**FIRST COUNT**

***(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)***

49. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

50. The Photographs are original, creative works in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

51. Plaintiff has not licensed Defendant Steri-Clean, Inc. the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant Steri-Clean, Inc.

52. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant Steri-Clean, Inc. improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

53. Defendant Steri-Clean, Inc.'s reproduction of the Photographs and display of the Photographs constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

54. Plaintiff is informed and believes and thereon alleges that the Defendant Steri-Clean, Inc. willfully infringed upon Plaintiff's copyrighted Photographs in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Photographs of the Plaintiff without Plaintiff's consent or authority, by using them in the infringing posts on its

SLG SANDERS LAW GROUP

respective social media accounts.

55. As a result of Defendant Steri-Clean, Inc.'s violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant Steri-Clean, Inc. in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c).

56. As a result of the Defendant Steri-Clean, Inc.'s violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant Steri-Clean.

57. As a result of Defendant Steri-Clean, Inc.'s violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## SECOND COUNT

***(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)***

58. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

59. The Photographs are original, creative works in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

60. Plaintiff has not licensed Defendant Crime Scene Steri-Clean, LLC the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant Crime Scene Steri-Clean, LLC.

61. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant Crime Scene Steri-Clean, LLC improperly and illegally copied, stored, reproduced, distributed,

adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

62. Defendant Crime Scene Steri-Clean, LLC 's reproduction of the Photographs and display of the Photographs constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

63. Plaintiff is informed and believes and thereon alleges that the Defendant Crime Scene Steri-Clean, LLC willfully infringed upon Plaintiff's copyrighted Photographs in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Photographs of the Plaintiff without Plaintiff's consent or authority, by using them in the infringing post on IG Account 3.

64. As a result of Defendant Crime Scene Steri-Clean, LLC 's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant Crime Scene Steri-Clean, LLC in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c).

65. As a result of the Defendant Crime Scene Steri-Clean, LLC's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant Crime Scene Steri-Clean, LLC.

66. As a result of Defendant Crime Scene Steri-Clean, LLC 's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.



SLG SANDERS · LAW GROUP ·

SLG SANDERS · LAW GROUP ·

**THIRD COUNT**

***(Contributory Copyright Infringement)***

67. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

68. Defendant Steri-Clean, Inc., has facilitated the establishment of various franchise locations, which operate within and throughout the entire breadth of the United States.

69. The franchise locations operate in furtherance of Defendant Steri-Clean, Inc.'s brand and business which includes Defendant Crime Scene Steri-Clean, LLC.

70. Defendant Steri-Clean, Inc. herein has caused enabled, facilitated and materially contributed to the Infringements by providing the Photographs to its franchisee, Defendant Crime Scene Steri-Clean, LLC, for use in Defendant Crime Scene Steri-Clean, LLC's own infringement of Plaintiff's Photographs.

71. Defendant Steri-Clean, Inc. has a continuing relationship with Defendant Crime Scene Steri-Clean, LLC as noted in the preceding paragraphs, after services are rendered, and, thus, Defendant Steri-Clean, Inc.'s actions substantially contributed to the infringing activity. For example, Defendant Steri-Clean, Inc. provides referral services for prospective business to its franchisee, Defendant Crime Scene Steri-Clean, LLC. *See Arista Records, LLC*, 633 F. Supp. 2d. at 156.

72. Defendant Steri-Clean, Inc. is liable as contributory infringer since they had actual and/or constructive knowledge of another's infringing conduct and induced, caused and/or materially contributed to that conduct. *See e.g.,* Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d. 1146, 1171 (9th Cir. 2007); *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 929-30 (2005); A&M

Records, Inc. v. Napster, Inc. 239 F.3d 1004, 1019 (9th Cir. 2001); *Sony Corp. v. Universal City Studios, Inc.*, 464 U.S. 417 (1984).

73. Defendant Steir-Clean, Inc.'s conduct and contributory infringement is and has been willful, intentional, purposeful, and in disregard of the rights of Plaintiff, and has caused substantial damage to Plaintiff.

74. Plaintiff is informed and believes and thereon alleges that the Defendant Steri-Clean, Inc. willfully contributorily infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code.

75. As a result of Defendant Steri-Clean, Inc.'s violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant Steri-Clean, Inc.'s profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant Steri-Clean, Inc. in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c).

76. As a result of the Defendant Steri-Clean, Inc.'s violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

77. As a result of Defendant Steri-Clean, Inc.'s violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

78. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendants have infringed on



SLG SANDERS · LAW GROUP ·

Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

a. finding that Defendants infringed upon Plaintiff's copyright interest in the Photographs by copying and displaying without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendants' profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven; or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendants from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendants pursuant to 17 U.S.C. § 505;

e. for pre judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: February 8, 2022

**SANDERS LAW GROUP**

By: *_/s/ Craig B. Sanders_*
Craig B. Sanders, Esq. (Cal Bar 284397)
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 122035
*Attorneys for Plaintiff*